J. D. YOUNG, *Plaintiff in Error,* v. E. C. WORRELL, *Defendant in Error.*

Division B.

Opinion Filed May 4, 1926.

Petition for rehearing denied June 2, 1926.

*H. M. Hampton,* Attorney for Plaintiff in Error;

*Bishop & Buie,* Attorneys for Defendant in Error.

PER CURIAM.—This was an action of assumpsit on an open account with the usual form of declaration and pleas of never was indebted and set off. When the case was at issue it was referred to Hon. J. W. Hunter, as referee for trial. The referee made his finding January 28, 1921, and motion for new trial at once made and overruled February 14, 1921. Final judgment was entered and the record returned to the Clerk's office on the date that the motion for new trial was overruled. The final judgment was properly recorded in Marion County, Florida.

It later developed that the final judgment so entered was a nullity and not a final judgment in fact so the record was returned to the referee and on August 29, 1924, a good and valid judgment was entered. Motion was presented to the Circuit Judge to vacate this last judgment which was denied and writ of error was taken to said judgment.

Writ of error is predicated on the premise, that when the judgment was entered and the record filed in the Clerk's office February 14, 1921, the jurisdiction of the referee in the cause was at an end and that, therefore, the final judgment entered by him August 29, 1924, was illegal.

Sections 2865 and 2868 inclusive, Revised General Statutes of Florida, define the manner of naming, the purpose, powers and duties of referees and we think when named as the law directs for the disposition of the case in hand the referee takes the place of and performs all the duties that would have devolved on the judge naming him if he (the judge) were conducteing the case. The referee is guided by the law and rules that would have controlled

the judge and his control of the case continues till it is closed and a valid judgment is entered.

Under this holding it becomes unnecessary to discuss other assignments of error so the judgment below is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.